IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EMMA DIANE BROWN,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       ) Civil Action No. 06-057-JJF
                                 )
STANLEY TAYLOR, PAUL HOWARD,     )
PAUL RYAN, OFFICER FRYBURGER,    )
OFFICER THOMPKINS,               )
                                 )
        Defendants.              )

**FILING FEE ORDER**

1. The plaintiff, Emma Diane Brown, SBI #165625, a <u>pro se</u> litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee.

2. Consistent with 28 U.S.C. § 1915(a)(1), the plaintiff has submitted an affidavit stating that she has no assets with which to prepay the filing fee. Based on the plaintiff's affidavit, her request to proceed <u>in forma pauperis</u> is granted.

3. Notwithstanding the above, pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff shall be assessed the filing fee of $250.00. In order to determine the schedule of payment of the filing fee, the plaintiff shall submit to the Clerk of Court, a certified copy of her trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the

appropriate official at the institution at which the plaintiff is confined. **FAILURE OF THE PLAINTIFF TO RETURN THE REQUESTED INFORMATION WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.**

    4. Unless the Court determines from the plaintiff's financial information that she has no assets whatsoever, an initial partial filing fee of 20 percent (20%) of the greater of the plaintiff's average monthly deposit or average monthly balance in the trust fund account shall be required to be paid before the court reviews the complaint. **NOTWITHSTANDING ANY PAYMENT MADE, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

    5. Pursuant to 28 U.S.C. § 1915(g), if the plaintiff has had three or more actions dismissed by the Court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, then the Court shall deny the plaintiff leave to proceed <u>in forma pauperis</u> in all future suits filed without prepayment of the filing fee, unless the Court determines that the plaintiff is under imminent danger of serious physical injury.

DATED: February 9, 2006

                                                  *[signature]*
                                      United States District Judge